**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND ODESSA DIVISION**

| | | |
|---|---|---|
| SARAH PEITZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. __7:22-cv-257__ |
| REPUBLIC EES, LLC D/B/A REPUBLIC | § | |
| SERVICES ENERGY SERVICES / | § | |
| REPUBLIC ENERGY AND | § | |
| ENVIRONMENTAL SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, Defendant Republic EES, LLC d/b/a Republic Services Energy Services / Republic Energy and Environmental Solutions ("Defendant") files this Notice of Removal of the above-entitled action from the 161st Judicial District Court, Ector County, Texas, to the United States District Court for the Western District of Texas, Midland Odessa Division.

## I.
## BACKGROUND

1.     Plaintiff Sarah Peitz ("Plaintiff") initiated this lawsuit, captioned *Sarah Peitz v. Republic EES, LLC d/b/a Republic Services Energy Services / Republic Energy and Environmental Solutions*, in the 161st Judicial District Court, Ector County, Texas by filing Plaintiff's Original Petition.  The state court designated Plaintiff's action as Cause No. B-22-11-1301-CV.

2.     As required by 28 U.S.C. § 1446(a), a docket sheet, and true and correct copies of all process, pleadings, and orders related to the state court proceeding served on Defendant are attached as Exhibit A and incorporated herein by reference.

3.      On November 8, 2022, Plaintiff served Defendant with a copy of Plaintiff's Petition through its registered agent for service of process. *See* Ex. B, Declaration of Lauren McKeon, ¶ 10. On November 23, 2022, Defendant filed an agreement signed by counsel for Plaintiff, agreeing to extend Defendant's time to answer the Original Petition until December 12, 2022. *See* Exhibit A.

4.      Plaintiff's Original Petition alleges she was discriminated against because of her gender in violation of Chapter 21 of the Texas Labor Code. *See* Original Petition, included in Exhibit A, ¶¶ 7.1-7.4.

## II.
## DIVERSITY OF CITIZENSHIP

5.      This Court has subject matter jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) the dispute is between citizens of different states.  *Id.* § 1332(a)(1). Both requirements are satisfied in this case.

**A.**      **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

6.      The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003) (finding the amount-in-controversy requirement is met where plaintiff identified three categories of money damages she was seeking, including lost income, mental anguish and emotional distress, and punitive damages, and she was "incurring an economic loss at the rate of $100,000 per year").

7.      Where a plaintiff's initial state court pleading demands monetary relief of a stated sum, that matter is deemed to be the amount in controversy.  28 U.S.C. § 1446(c)(2).  Alternatively, where, the plaintiff's state court pleading does not state the amount in controversy, the defendant's

notice of removal may do so. *Id.* at § 1446(c)(2)(A); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). It is the defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). The defendant does so by: (1) demonstrating that it is "facially apparent" from the plaintiff's state court pleading that the claims are likely above $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

8.      In this case, it is apparent from the face of Plaintiff's Original Petition that she seeks damages that exceed $75,000. Specifically, Plaintiff alleges in her Original Petition that the matter in controversy in this action is more than $200,000 but less than $1,000,000. *See* Original Petition ¶ 4.1. This allegation satisfies the statutory requirement that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

9.      In addition, Plaintiff seeks to recover back pay, front pay, general damages, punitive damages, and damages for mental pain, among other types of relief. Original Petition ¶ 11. Chapter 21 of the Texas Labor Code permits a plaintiff to recover, among other things, equitable relief in the form of front pay and back pay, *see* Tex. Lab. Code § 21.258; *see also Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 221 (5th Cir. 2011); compensatory damages and punitive damages in amounts varying from $50,000 up to $300,000, depending on the size of the employer, *see* Tex. Lab. Code § 21.2585(a), (d); and attorneys' fees, *see* Tex. Lab. Code § 21.259. In similar cases where a plaintiff seeks such broad categories of damages under Chapter 21, courts have found that it is "facially apparent" from the plaintiff's state court pleading that the amount in controversy exceeds the jurisdictional minimum. *See, e.g.*, *Acosta v. Drury Inns, Inc.*, 400 F. Supp.

2d 916, 918 (W.D. Tex. 2005) (finding it was "facially apparent" from the petition that the claim

exceeds $75,000 because of "the many different classifications of damages sought by Plaintiff").

10.    Defendant further can set forth facts that support a finding that the amount-in-

controversy requirement is met.  In particular, as noted *supra*, Plaintiff alleges her damages include

back and front pay.  In 2019, Plaintiff earned $91,847.04. *See* Exhibit C, Declaration of Wendy

Meyer, ¶ 3.  At the time of Plaintiff's separation from employment in June 2020, Plaintiff's base

salary was $117,587, and she had earned $60,556.99 up to that point. *Id.* ¶¶ 4–5.  Plaintiff's

employment was terminated approximately two and half years ago, so it is apparent that a potential

award of back pay as of this date alone would exceed the jurisdictional amount in controversy of

$75,000.  Moreover, with the addition of one year of back pay to account for the expected time

between now and trial and a conservative estimate of front pay of one year, Plaintiff's potential

award is well over the jurisdictional threshold. *See Norvil v. DuPont Powder Coatings USA, Inc.*,

No. H-10-409, 2010 WL 1609927, at *2 (S.D. Tex. Apr. 20, 2010) (noting that courts include front

pay in the amount in controversy).  Plaintiff's claims for back and front pay satisfy the amount in

controversy requirement.

11.    Plaintiff is also seeking mental distress damages and punitive damages.  Plaintiff's

potential compensatory and punitive damages, in combination with her lost wages, far exceeds the

amount-in-controversy requirement. *See Muniz v. El Paso Marriott*, No. EP-09-CV-274-KC, 2009

WL 4878619, at *5 (W.D. Tex. Dec. 8, 2009) (finding even when plaintiff was not seeking back

or front pay, that "her claims for compensatory and punitive damages under the Texas

antidiscrimination statutes make it clear that there is more than $75,000 at stake in this

controversy"); *Terrazas v. NCS Pearson, Inc.*, No. SA-09CV202-XR, 2009 WL 3015208, at *3

(W.D. Tex. Sept. 16, 2009) ("Considering the amount of Plaintiff's annual salary, the Court finds

that Defendant has proved by a preponderance of the evidence that Plaintiff's requested damages, including front and back pay, punitive damages and attorney's fees, meet the amount-in-controversy requirement.").

12.     While Defendant altogether denies Plaintiff's allegations and entitlement to the relief sought by way of this lawsuit, it is apparent from the face of the Original Petition, and the facts set forth in this Notice of Removal, that the amount in controversy, exclusive of interest and costs, far exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332(a).

**B.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

13.     The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time Plaintiff's Petition was filed and at the time of removal.

14.     Plaintiff is a citizen of the State of Texas. An individual is a citizen of the state in which he or she is domiciled.  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).  According to the Original Petition, "Plaintiff Sarah Peitz is an individual residing in Odessa, Texas."  Original Petition ¶ 1.1

15.     At the time Plaintiff's Original Petition was filed and at the time of removal, Defendant was and is a citizen of Delaware and Arizona.

16.     Defendant is a limited liability company organized under the laws of the State of Louisiana. Exhibit B, at ¶ 3. For the purpose of federal jurisdiction, a limited liability company's citizenship is determined by the citizenship of all of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

17.     Defendant's sole member is Republic Services of Florida, Limited Partnership. Exhibit B ¶ 4. The citizenship of a limited partnership, in turn, is determined by the citizenship of each of its partners.  *Harvey*, 542 F.3d at 1079.

18.     Republic Services of Florida, Limited Partnership has two partners: Republic Services of Florida GP, Inc. and Republic Services of Florida LP, Inc.  Exhibit B ¶ 5.  A corporation is "a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Republic Services of Florida GP, Inc. is a Delaware corporation with its principal place of business in Arizona. Exhibit B ¶ 6.  Republic Services of Florida LP, Inc. is also a Delaware corporation with its principal place of business in Arizona. *Id.* ¶ 7.

19.     In summary, Defendant's citizenship is determined by the citizenship of Republic Services of Florida, Limited Partnership.  Republic Services of Florida, Limited Partnership's citizenship is determined by each of its partners.  Each of Republic Services of Florida, Limited Partnership's partners are citizens of Delaware and Arizona.  Therefore, Defendant is a citizen of Delaware and Arizona.  Defendant is not a citizen of Texas.

20.     Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arizona. Complete diversity of citizenship exists between Plaintiff and Defendant.

### III.
### PROCEDURAL PREREQUISITES

21.     Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(d)(7) (noting that the Midland Odessa Division comprises several counties, including Ector County).  Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Original Petition from which it was first ascertainable that the case was removable to federal court. *See* Exhibit B ¶ 10.  Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

22.     As required under 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal and a copy of this Notice of Removal are being promptly filed in the in the

161st Judicial District Court, Ector County, Texas and served on Plaintiff.  A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), to be filed with the 161st Judicial District Court, is attached hereto as Exhibit D.

23.     By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## <u>CONCLUSION</u>

Accordingly, because this suit involves citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332.  Republic EES, LLC d/b/a Republic Services Energy Services / Republic Energy and Environmental Solutions requests that the 161st Judicial District Court of Ector County, Texas proceed no further with Cause No. B-22-11-1301-CV and that *Sarah Peitz v. Republic EES, LLC d/b/a Republic Services Energy Services / Republic Energy and Environmental Solutions* be removed to the United States District Court for the Western District of Texas, Midland Odessa Division.

Dated:  December 8, 2022.

Respectfully submitted,

*/s/ Nicole S. LeFave*

Nicole S. LeFave
Texas Bar No. 24085432
**LITTLER MENDELSON, P.C.**
100 Congress Avenue
Suite 1400
Austin, TX 78701
512-982-7250 (Telephone)
512-982-7248 (Facsimile)
nlefave@littler.com

Owen T. Hill (*pro hac vice* to be filed)
Georgia Bar No. 354393
Amanda L. Trull (*pro hac vice* to be filed)
Georgia Bar No. 396261
**LITTLER MENDELSON, P.C.**
3424 Peachtree Rd., NE, Suite 1200
Atlanta, GA  30326
404.233.0330 (Telephone)
404.233.2361 (Facsimile)
ohill@littler.com
atrull@littler.com

**ATTORNEYS FOR REPUBLIC EES, LLC
D/B/A REPUBLIC SERVICES ENERGY
SERVICES / REPUBLIC ENERGY AND
ENVIRONMENTAL SOLUTIONS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-filing and e-mail on this 8th day of December 2022 to:

Alfonso Kennard, Jr.
Kennard Law P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
Alfonso.Kennard@kennardlaw.com

Samantha Cobb
Kennard Law P.C.
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
Samantha.Cobb@kennardlaw.com

*/s/ Nicole S. LeFave*
Nicole S. LeFave